

**SO ORDERED.**

**SIGNED this 12 day of January, 2009.**

_____
**A. Thomas Small**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **RONALD KEITH JONES** | **08-05676-8-ATS** |
| **TRACY BENJAMIN JONES** | |
| **DEBTORS** | |

### ORDER DENYING MOTION TO DISMISS

The matter before the court is the motion to dismiss pursuant to 11 U.S.C. § 707(b)(1) filed by The Business Backer, LLC.  A hearing took place in Raleigh, North Carolina on January 8, 2009.

Ronald Keith Jones and Tracy Benjamin Jones filed a petition for relief under chapter 7 of the Bankruptcy Code on August 22, 2008.  The Business Backer is listed in Schedule F as holding a claim in the amount of $20,697.96 for "money owed by Clayton Furniture World, Inc."  The claim is listed as contingent and disputed.  The Business Backer maintains that granting the debtors relief under chapter 7 would be an abuse of the Bankruptcy Code.  The debtors maintain that their debts are not "primarily consumer debts" and that the case may not be dismissed under § 707(b).

Section 707(b)(1) provides

After notice and a hearing, the court, on its own motion or on a motion by . . . any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such

> a case to a case under chapter 11 or 13 of this title if it finds that the granting of relief would be an abuse of the provision of this chapter. . . .

11 U.S.C. § 707(b)(1) (2005).  The parties agree that the court must first determine whether the debts are "primarily consumer debts," and the court took evidence on that limited issue.

Prior to filing, the debtors owned and operated a furniture business, Clayton Furniture World, Inc.  In their schedules, the debtors listed 46 claims, including the one held by The Business Backer, as "money owed by Clayton Furniture World, Inc."  These claims, which total $326,178.58 in amount, are all listed as disputed and contingent.  In addition, the debtors listed 15 claims, totaling $478,586.80, as claims owed individually and jointly.  The Business Backer maintains that the designation of money owed by Clayton Furniture World, Inc. establishes which debts are business debts and which debts are consumer debts, and because the dollar amount of consumer debt exceeds the dollar amount of business debt, the debts are "primarily" consumer debts.

Mr. Jones testified that he and Mrs. Jones opened the furniture store in February 2002.  The business was profitable for the first few years, and in 2006 began to slow.  In 2006, the Joneses began using their credit cards to draw cash advances and deposit funds into the corporation's account, or they used the convenience checks provided with by their credit card companies to pay corporate debt.  The practice became more common in 2007, and continued until the business closed.  Mr. Jones estimated that 95% of the debtors' credit card debt was incurred to pay the store bills and store debt.  Mr. Jones also testified that prior to opening the furniture store, the debtors never had more than $1,000 in credit card debt, and that their only other debts were their mortgage and cars.

In addition to the credit card debt being used to sustain the business, the Joneses used some of the equity in their residence to help fund the business.  When they purchased their home, the debtors had a first mortgage of $290,000, and a second mortgage of $65,000.  They later refinanced

the second mortgage in the amount of $93,000, using approximately $28,000 for the business. As a result, the Joneses maintain that $28,000 of the second mortgage should not be considered consumer debt.

Finally, the debtors also contend that one of their vehicles was purchased exclusively because Mr. Jones began to travel long distances for work after the furniture store closed, requiring him to obtain a vehicle with better gas mileage than the Yukon he was driving. Mr. Jones purchased a used Honda Accord in June 2008, which he has used to travel to work sites in Fayetteville, Greensboro and Charlotte. Mr. Jones did admit that he also drives the vehicle for personal use, and that the Accord is available for Mrs. Jones to drive if she needs to go long distances.

The Bankruptcy Code does not explain how to determine whether debts are "primarily" consumer debts. Courts are split on the topic as well. Some courts have held that where the majority of debt in amount is consumer debt, the debts are "primarily" consumer debts, see, e.g., Stewart v. U.S. Trustee (In re Stewart), 175 F.3d 796, 808 (10th Cir. 1997); others have held that one looks to both the amount and relative number of claims attributable to consumer debt. See, e.g., In re Booth, 858 F.2d 1051, 1055 (5th Cir. 1998). The problem with looking only to the dollar amount is that it can be skewed. For example, if a debtor has a $300,000 mortgage and very little other consumer debt, but 45 creditors totaling $280,000 in business debt, the debt in amount is mainly consumer debt, but overwhelmingly non-consumer in number of claims. Conversely, one could have one $500,000 piece of commercial property with $400,000 in consumer credit card debt owed to 30 credit card companies, so the debt is mostly non-consumer in amount while overwhelmingly consumer in number of claims. Because of how easily a mortgage can skew the

3

claims in favor of consumer debt, some courts have suggested that debt secured by real property should be excluded from consideration.  See Booth, 858 F.2d at 1054.

This court will adopt a "totality of the circumstances" approach to determining whether the debts are primarily consumer debts.  The Fourth Circuit has applied a totality test in determining good faith in filing petitions under both chapter 13 and chapter 7, see Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and In re Green, 934 F.2d 568 (4th Cir. 1991), and applying it here is consistent with that precedent.  The debtors listed a substantial number of claims that are really debts of their corporation, noting that they were money owed by Clayton Furniture World, Inc.  The designations here simply identified the primary obligor on each claim.  Debtors are not required to identify consumer and non-consumer debt in their schedules, and without further explanation, it may be impossible to determine on the basis of schedules alone the nature of each claim.[1]  Among those claims that are individual debts are the mortgage, the cars, and eight credit cards.  Mr. Jones testified that $28,000 of the second mortgage and 95% of the credit card debt is attributable to his business.  That evidence is uncontroverted, and based on the evidence it is clear that the Joneses' debts are primarily non-consumer debts and the case cannot be dismissed under § 707(b).

Based on the foregoing, the motion to dismiss filed by The Business Backer is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**

---

[1] The Business Backer relied upon the designation of corporate debt and individual debt as its basis for contending that the corporate debt was non-consumer and the individual debt was consumer debt.  This reasoning is faulty because, as is clear from the facts of this case, individual debt is not necessarily consumer debt.